250 251



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-5448
Re: Under the provisions of Sec-
tion A, Article No. 3899a,
Revised Civil Statutes, can
the County Commissioner's,
County Treasurer's and County
Auditor's premium on their
official bonds be paid by
Bexar County out of the
General Funds of the County?

Your request for an opinion has been received
and carefully considered by this department. We quote from
your request as follows:

"Can the Commissioner's, County Treasurer's,
and County Auditor's premium on their official bonds
be paid by Bexar County out of the General Fund of
the County, under Section A of House Bill No. 524
(Article 3899A)?"

Article XVI, Section 61 of our State Constitution,
automatically places county officers in counties having a popu-
lation of 20,000 or more inhabitants according to the last pre-
ceding federal census on a salary basis from and after the
first day of January, 1936; and of course Bexar County with
its 338,176 inhabitants, according to the 1940 federal census
falls in that category.

The caption of House Bill No. 524, Acts of the
47th Legislature, Regular Session, 1941, reads as follows:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

"AN ACT amending Article 3899 Revised Civil
Statutes of Texas, 1925, as amended by Chapter 311,
Acts of the 44th Legislature, Regular Session, and
Chapter 465, Acts of Second Called Session, 44th
Legislature, and by Chapter 496, Acts of 45th Leg-
islature, to provide that premiums of official bonds
for the county treasurers, county auditors, county
road commissioners, county school superintendents,
hide and animal inspectors, and their deputies, shall
be paid from county funds, and declaring an emergency."

Part A of Section 1 of House Bill 524, supra, reads
in part as follows:

"(a) At the close of each month of his tenure
of office, each officer named herein, who is compensated
on a fee basis shall make, as a part of the report now
required by law, an itemized and sworn statement of all
the actual and necessary expenses incurred by him in
the conduct of his office such as stationery, stamps,
telephone, premiums on officials' bonds, including the
costs of surety bonds for his deputies, premium on
fire, burglary, theft, robbery insurance protecting
public funds, traveling expenses, and other necessary
expenses; provided, that in addition to the officers
named herein the County treasurer, county auditor,
county road commissioners, county school superinten-
dents, and the hide and animal inspector shall like-
wise make a report on the premiums on officials'
bonds, including the cost of surety bonds for any
deputies, and said premiums shall be subject to pay-
ment out of the fees of said office, as herein other-
wise provided for the officers named; and provided
further that if any of the officers so designated are
on a salary rather than a fee basis, then all such bond
premiums for officers and their deputies shall be paid
from the General Fund of the county...."

Part (b) of Section 2 of the above mentioned Act
provides in part:

"(b) Each officer named in this Act, where he
receives a salary as compensation for his services,
. . . provided that expenses incurred for premiums
on officials' bonds for the county treasurer, county

Honorable E. G. Garvey, Page 3.

auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the costs of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners Court once each month for the ensuing month. . .All such approved claims and accounts shall be paid from the Officers Salary Fund unless otherwise provided herein."

It is our opinion that Part A, Section 1 applies to those County Officials who are compensated on a fee basis and to the County Commissioners and the County Treasurer and the County Auditor, who are compensated on an annual salary basis in fee counties and that the provisions in said Part (A) of Section 1 which provide "provided, further, that if any of the Officers so designated are on a salary rather than a fee basis, and all such bond premiums for officers and their deputies shall be paid from the General Fund of the County", only applies to such officers in fee counties and has no application whatsoever to those county officials in counties where all of said county officials are compensated on an annual salary basis.

It is therefore our opinion premiums on bonds of the county treasurer, county auditor, and county commissioners of Bexar County must be paid out of the Officers Salary Fund, "unless otherwise provided." We are unable to find any other provision in said Section providing that said premium shall be otherwise paid.

We therefore answer your question in the negative, that premiums on the bonds of the county treasurer, county auditor, and county commissioners of Bexar County cannot be paid out of the General Fund.

APPROVED JUL 31, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _W. P. Watts_

W. F. Watts
Assistant

WFW:pm